IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-103-FL
No. 7:16-CV-107-FL

| | | |
|---|---|---|
| DAVID WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 51; DE 55), wherein he asserts claims pursuant to Johnson v. United States, __ U.S.__, 135 S. Ct. 2551 (2015), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The government has responded to petitioner's motion to vacate, waiving procedural defenses and agreeing that petitioner should be resentenced in light of Johnson, Simmons, and United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). (DE 57). For the reasons that follow, the court grants the motion.

**COURT'S DISCUSSION**

On April 16, 2015, petitioner pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Based on petitioner's prior convictions under North Carolina law for attempted robbery, possession of cocaine, and purchase of cocaine the court sentenced petitioner to a 188 month term of imprisonment, pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). That sentence was in excess of the 120 month statutory maximum sentence typical of § 922(g) convictions. See 18 U.S.C. § 924(a).

The government now concedes that petitioner's conviction for attempted robbery is no longer a "violent felony" in light of Johnson and United States v. Welch, __ U.S.__, 136 S. Ct. 1257 (2016), which held Johnson to be retroactive on collateral review. See 18 U.S.C. § 924(e)(2)(B). Similarly, the government concedes that petitioner's prior drug convictions no longer qualify as "serious drug offenses" after Newbold. See id. § 924(e)(2)(A). Accordingly, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA and must be resentenced. See id. § 924(e)(1).

**CONCLUSION**

Based on the foregoing, the court GRANTS petitioner's motion to vacate. (DE 51: DE 55). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guidelines range, within seven days of the date of resentencing.

SO ORDERED, this the 19th day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge