IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-103-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 95) pursuant to 18 U.S.C. § 3582(c)(1)(A). The government responded in opposition and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On April 16, 2015, defendant pleaded guilty, with a written plea agreement, to possession of a firearm and ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). The court originally sentenced defendant to 188 months' imprisonment, but the court subsequently vacated that sentence pursuant to 28 U.S.C. § 2255. On April 10, 2017, the court resentenced defendant to 120 months' imprisonment and three years' supervised release. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence. The motion was briefed fully.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits

sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant requests compassionate release based on his risk of infection with COVID-19 in a custodial setting and suffering severe complications from the disease due to his underlying health issues. The court will assume without deciding that these circumstances constitute extraordinary and compelling reasons for compassionate release. See United States v. High, 997 F.3d 181, 186–87 (4th Cir. 2021).

Turning to the § 3553(a) factors, the court declines to reduce the sentence in light of the nature and circumstances of the offense conduct and defendant's lengthy and violent criminal history. Defendant's risk of contracting COVID-19 and suffering severe disease is mitigated by the fact that defendant is fully vaccinated. See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Brown, No. 7:13-CR-44-FL-1, 2021 WL 2481676, at *2 (E.D.N.C. June 17, 2021). And while the court commends defendant for his efforts at rehabilitation, and offers condolences for the deaths of his family members while he has been incarcerated, a sentence below 120 months' imprisonment would not accomplish the goals of sentencing in this case.

Having fully considered defendant's risk of infection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense

3

conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 95) is DENIED.

SO ORDERED, this the 29th day of June, 2023.

                                              LOUISE W. FLANAGAN
                                              United States District Judge